## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SHAQUILE O'NEAL RICHARDS,** | § | **NO. 4:23-CR-00105** |
| **ALEXANDRA ELIZABETH NICKS** | § | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

COMES NOW, SHAQUILE O'NEAL RICHARDS and ALEXANDRA ELIZABETH NICKS, Defendants, through their court-appointed counsel, Janet Celeste Blackburn, Neal Davis, III and Judith Shields, and hereby file the defendant's proposed jury instructions in the above-entitled case.

Respectfully submitted,

*/s/ Janet Celeste Blackburn*
Janet Celeste Blackburn
Texas State Bar Number 24038803
Attorney for Shaquille Richards
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
(936)703-5000
celesteblackburn@gmail.com

1

*/s/ Neal Davis, III*
**NEAL DAVIS, III**
**Texas Bar #24038531**
**Federal # 706329**
**440 Louisiana St., Suite 200**
**Houston, TX   77002**
**(713) 223-5575**
**(713) 224-2815 – Fax**

*/s/ Judith Shields*
Texas State Bar Number 00793271
Attorney for Alexandra Nicks
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
(936)703-5002
judithshieldsattorney@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Government's requested jury instructions was sent via ECF and email to all counsels of record.

*/s/ Neal Davis, III*
Neal Davis, III

2

## <u>INTRODUCTION TO FINAL INSTRUCTIONS</u>

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.03 (2024)

## **DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.04 (2024)

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge

Association, No. 1.05 (2024)

## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

7

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.06 (2024)

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common-sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.08 (2024)

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant]** who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's

10

testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of _____ (if Defendant testifies) should be weighed, and his credibility evaluated, in the same way as that of any other witness. (Non-testifying Defendant) elected not to testify. No inference whatsoever may be drawn from the election of a defendant not to testify.]**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.09 (2024)

## CAUTIONARY INSTRUCTION DURING TRIAL—TRANSCRIPT OF TAPE-RECORDED CONVERSATION

Exhibit _____ has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.49 (2024)

## IMPEACHMENT BY PRIOR CONVICTION
## (WITNESS OTHER THAN DEFENDANT)

You have been told that the witness, _____ (name witness), was convicted in _____ (name jurisdiction and date) of _____ (name offense, e.g., armed robbery). A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.13 (2024)

13

## **IMPEACHMENT BY PRIOR INCONSISTENCIES**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.11 (2024)

## IMPEACHMENT BY PRIOR CONVICTION
## (DEFENDANT'S TESTIMONY)

You have been told that the defendant, **Shaquile O'Neal Richards, was found guilty in Houston, Texas, in 2011 of Evading Arrest, and in 2013, and 2017 of Aggravated Assault with a Deadly Weapon**. These convictions have been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of the defendant's testimony you will believe in this trial. The fact that the defendant was previously found guilty of that crime does not mean that the defendant committed the crime for which the defendant is on trial, and you must not use this prior conviction as proof of the crime charged in this case.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.12 (2024)

15

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of _____ (name of expert) who expressed opinions concerning _____ (subject matter). If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.18 (2024)

16

## ACCOMPLICE – CO-DEFENDANT PLEA AGREEMENT

In this case the Government called as witnesses alleged accomplices of the Defendants, with whom the Government has entered into plea agreements. These agreements provide for an opportunity to earn a lower sentence by cooperating with the government. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the Government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a Defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.16 (2024)

17

## <u>CAUTION—CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.21 (2024)

18

## MULTIPLE DEFENDANTS—SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.24 (2024)

## <u>CAUTION—PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.22 (2024)

## <u>ON OR ABOUT</u>

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near October 16, 2017, the date stated in the indictment.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.19 (2024)

21

## **"KNOWINGLY" – TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.41 (2024)

22

## CONFESSION—STATEMENT—VOLUNTARINESS (MULTIPLEDEFENDANTS)

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his [her] treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.29 (2024)

23

## **POSSESSION**

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

Mere touching or physical contact alone is insufficient by itself to establish possession.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.33 (2024)

## **INTERSTATE COMMERCE—DEFINED**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.44 (2024)

## **FOREIGN COMMERCE—DEFINED**

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.45 (2024)

## **COMMERCE—DEFINED**

Commerce includes travel, trade, transportation, and communications.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.46 (2024)

## **"AFFECTING COMMERCE"—DEFINED**

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.


Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.47 (2024)

## *DRUG TRAFFICKING AND COMMERCE*

*The sale of illegal drugs is unquestionably an economic activity.   The market for illegal drugs is "commerce over which the United States has jurisdiction."*

*The production, possession, and distribution of controlled substances constitute a "class of activities" that substantially affect interstate commerce, and therefore, Congress possesses the authority to regulate and to criminalize it.*

*Gonzales v. Raich, 545 U.S. 1, 2, 125 S. Ct. 2195, 2197, 162 L. Ed. 2d 1 (2005); Taylor v. United States, 579 U.S. 301, 309, 136 S. Ct. 2074, 2081, 195 L. Ed. 2d 56 (2016) and United States v. McClaren, 13 F.4th 386 (5th Cir. 2021).*

29

## "FIREARM" AND "AMMUNITION"—DEFINED

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or any destructive device.

The term "ammunition" means completed rounds or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.48 (2024)

30

## SPECIFIC INSTRUCTIONS

## MURDER IN AID OF RACKETEERING (18 U.S.C. § 1959(a)(1))

Title 18, United States Code, § 1959(a)(1) makes it a crime for anyone to commit murder for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity. Title 18, United States Code, § 2 makes it a crime to aid and abet the commission of an offense under § 1959(a)(1).

The Indictment charges that on or about October 16, 2017, in the Southern District of Texas, for the purpose of maintaining and increasing position in the "103-gang," an enterprise engaged in racketeering activity, Defendants Shaquille O'Neal Richards, Alexandra Elizabeth Nicks, and others, aided and abetted by each other, did unlawfully and knowingly murder Sam Johnson in violation of Texas Penal Code, Sections 7.01, 7.02 and 19.02, all in violation of Title 18, United States Code, Sections 1951(a)(1) and 2.

A. Elements of 18 U.S.C. § 1959(a)(1)

For you to find a defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

One: The enterprise existed as alleged in the Indictment;

Two: The enterprise was engaged in, or its activities affects, interstate

31

commerce;

Three: The enterprise engaged in "racketeering activity":

Four: The defendant committed a crime of violence (murder); and,

Five: The defendant's purpose for committing the murder was to maintain or increase position in the enterprise.

1. Element One – The Enterprise

In this case, the Indictment alleges that an enterprise known as the "103-gang," including its leadership, members and associates, existed. The government must first prove beyond a reasonable doubt that this enterprise existed **or would exist** as alleged in the Indictment.

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity. The term enterprise includes both legal and illegal associations. The enterprise must be separate and apart from the pattern of racketeering activity in which the defendant allegedly engaged. The enterprise must be proven to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

The enterprise must have the three following structural features:

(1) a purpose;

(2) relationships among those associated with the enterprise; and

(3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members did or would function and operate in a coordinated manner in order to carry out the alleged common purpose or purposes of the enterprise.

Such an association of individuals may retain its status as an "enterprise" even though the membership of the association changes over time by adding or losing individuals during the course of its existence. Although whether an enterprise existed **or would exist** is a distinct element that must be proved by the Government beyond a reasonable doubt, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. You may consider proof of the racketeering acts to determine whether the evidence establishes the existence of an enterprise as alleged in the indictment, and further, you may infer the existence of an enterprise from evidence of the pattern of racketeering activity. The Government is not required to prove each and every allegation about the enterprise or the manner in which the enterprise operated or would operate.

33

2. <u>Element Two – Engaging in or Affecting Interstate or Foreign Commerce</u>

Second, the government must prove beyond a reasonable doubt that the enterprise engaged in or would have engaged in interstate or foreign commerce, or its activities affected or would affect interstate or foreign commerce. I previously instructed you on the terms "interstate commerce" and "foreign commerce." You must apply those same instructions here. Interstate and foreign commerce· may include the movement of money, goods, services or persons from one state to another state or the District of Columbia or between the United States and another country.

An enterprise is generally "engaged in commerce" when it is itself directly engaged in the production, distribution, or acquisition of goods or services in interstate commerce.

The Government contends that the enterprise in this case was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce, in the following ways, among others:

a. Drug trafficking

The Government is not required to prove all the circumstances outlined above. To satisfy this element, the Government need only prove beyond a reasonable doubt either that the activities of the enterprise considered in their

34

entirety had or would have some minimal effect on interstate or foreign commerce, or that the enterprise was or would be "engaged in" interstate or foreign commerce. Drug trafficking affects interstate commerce.

It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

3.  Element Three – Enterprise Engaged in Racketeering Activity

The third element which the government must prove beyond a reasonable doubt as to Murder in Aid of Racketeering is that the enterprise was engaged in racketeering activity at the time of the murder alleged in that count. "Racketeering activity" means the commission of certain crimes, including acts alleged in the Indictment under federal law (drug trafficking). I will instruct you on the elements of the federal crime of drug trafficking as alleged in the Indictment:

I will now instruct you on the law applicable to illegal drug trafficking - the type of racketeering activity alleged in the Murder in Aid of Racketeering charge.

Drug Trafficking:

35

Title 21, United States Code, Sections 841(a)(1) and 846 make it a crime for anyone knowingly or intentionally to possess a controlled substance with intent to distribute it, or to conspire to do so. I instruct you that _____ (name of controlled substance) is a controlled substance within the meaning of this law.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

To conspire means that a defendant willfully joined an agreement, directly or indirectly, between two or more persons, knowing of the unlawful purpose of the agreement. A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> First:  That the defendant knowingly conspired to, possessed, or aided another in possessing a controlled substance;

36

Second: That the defendant conspired to, possessed, or aided and abetted another in possessing the substance with the intent to distribute it; and

Third: There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

Title 18, United States Code, § 1959(a)(1) does not require that a defendant commit or agree to commit a "pattern of racketeering activity." It does, however, require the government to prove beyond a reasonable doubt that the enterprise "engaged in racketeering activity." This element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise. It is for you to determine whether the enterprise engaged in these activities as alleged in the Indictment.

The Indictment alleges that the enterprise, through its members and associates, engaged in racketeering activity consisting of:

Acts indictable under the following provisions of federal law:

Title 22, United States Code, §§ 841(a)(1) and 846, as defined above.

The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above. The elements of these

alleged predicate racketeering activities were defined above.

It is for you to determine whether the enterprise engaged in the activities as charged. The element is satisfied by showing that members or associates of the "103-gang" committed racketeering activity on behalf of or in connection with the enterprise.

4.  Element Four – Crime of Violence (Murder)

The fourth element that the government must prove beyond a reasonable doubt is that the defendants committed murder as defined in the Texas Penal Code as follows:

 Murder – Texas Penal Code §§ 7.01, 7.02. and 19.02(b).

A person commits the offense of murder under Texas Penal Code § 19.02 if he intentionally or knowingly causes the death of an individual; or, if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Under Texas law, a person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to

cause the result.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

In order for a person to be found guilty of murder, the government must prove beyond a reasonable doubt:

(1) That the defendant, individually or as a party, did intentionally and knowingly cause the death of an individual; or

(2) That the defendant, individually or as a party, did intentionally and knowingly cause serious bodily injury and commit an act clearly dangerous to human life that causes the death of an individual.

Under Texas Penal Code § 7.0l(a), a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Under Texas Penal Code § 7.02(a)(2), a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the

39

offense. Mere presence alone will not make someone a party to an offense.

Under Texas Penal Code§ 7.02(b), a person is criminally responsible for an offense committed by the conduct of another if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

5.  Element Five – Purpose to Maintain or Increase Position in Enterprise

The fifth element that the government must prove beyond a reasonable doubt is that at least one of the defendants' purposes in committing murder as alleged in the Indictment was to maintain or increase position in the racketeering enterprise.

In determining whether one of the defendant's purposes was to "maintain" or "increase" position in the enterprise, or aid and abet another's maintaining, or increasing position in the enterprise, you should give those words their ordinary meaning. You should consider all of the facts and circumstances in making that determination. For example, you may consider what, if any, position the defendant held in the enterprise, and the extent, if

40

at all, the commission of the alleged crimes served to maintain or uphold or enhance his position within the enterprise.

You need not, however, find that maintaining or increasing position in the enterprise was the defendant's sole or even principal motive. You need only find that enhancing his status in the enterprise was a substantial purpose of the defendant, or that he committed the charged crime as an integral aspect of membership in the enterprise. In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.

B. Aiding and Abetting

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a

41

crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

But for you to find the defendant guilty of murder in aid of racketeering activity as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That the crime of murder in aid of racketeering activity was committed by some person;

42

(2) That the defendant associated with the criminal venture;

(3) That the defendant purposefully participated in the criminal venture; and,

(4) That the defendant sought by action to make that venture successful.

"To associate with a criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, Nos. **2.78**; 2.95A; 2.97. Texas Penal Code §§ 7.01, 7.02(a), **19.02(b);** *United States v. Portillo, et al.,* Crim No. 5:15-CR-00820 (WDTX May 11, 2018) (jury instructions).

**USING OR CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, OR POSSESSION A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, SPECIFICALLY MURDER IN AID OF RACKETEERING (18 U.S.C. § 924(j)(1) AND § 2).**

If you find that the government has proven beyond a reasonable doubt that the defendant has committed Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(1), as outlined above, you will next consider whether the defendant, and others, aided and abetted by each other, during and in relation to Murder in Aid of Racketeering in violation of Title 18, United States Code, § 1959(a)(1), also did knowingly use or carry a firearm in furtherance of such crime of violence, or, did possess said firearm in furtherance of such crime of violence and further the said firearm was used in violation of Title 18, United States Code § 924(c)(1)(A).

Title 18, United States Code, § 924(j) makes it a crime to cause the death of another person through the use of a firearm during and in relations to a crime of violence. Title 18, United States Code, § 2 makes it a crime to aid and abet the commission of an offense under § 924(j)(1).

The Indictment charges that on or about October 16, 2017, in the Southern District of Texas, Defendant SHAQUILLE O'NEAL RICHARDS, ALEXANDRA ELIZABETH NICKS, and others known and unknown, aided and abetted by each

44

other, during and in relation to a crime of violence, namely Murder in Aid of Racketeering in violation of Title 18, United States Code, § 1959(a)(1), did knowingly use or carry a firearm, in furtherance of such crime of violence, or did knowingly possess said firearm during and in relations to said crime of violence. It is further charged that said firearm was used in violation of Title 18, United States Code § 924(c)(1)(A), and that in the course of using or carrying a firearm, or possessing a firearm, did cause the death of Sam Johnson, said killing being defined as murder as defined in Title 18, United States Code, § 1111(a), all of the above charges being in violation of Title 18, United States Code, § 924(j) and § 2.

   A. Elements of 18 U.S.C. § 924(j)(1)

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

(1) The defendant committed murder in aid of racketeering as alleged in the Indictment. If you find that the defendant committed these offenses, I instruct you that murder in aid of racketeering is a crime of violence; and,

(2) That the defendant used or carried a firearm during and in relation to the defendant's alleged commission of murder in aid of racketeering as alleged in the Indictment; or,

45

(3) That the defendant possessed the firearm during and in relation to the defendant's alleged commission of murder in aid of racketeering as alleged in the Indictment; and,

(4) That the defendant caused the death of a person through the use of said firearm.

**Title 18, United States Code, § 924(c)(1)(A), makes it a crime for anyone to knowingly use or carry a firearm during and in relation to a crime of violence, or possess a firearm during and in relation to a crime of violence.**

Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to knowingly use or carry a firearm during and in relation to a federal crime of violence.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

(1) That the defendants committed Murder in Aid of Racketeering. I instruct you that Murder in Aid of Racketeering is a federal crime of violence; and,

(2) That the defendants knowingly used or carried a firearm during and in relation to the defendant's commission of said crime of violence; and,

(3) That the defendants aided and abetted others known and unknown in

46

committing the said crime of violence alleged, and knew in advance that the others known and unknown would be armed.

To prove the defendant "used" a firearm during and in relation to a federal crime of violence, the government must prove that the defendant actively employed the firearm in the commission of said crime of violence, such as a use that is intended to or brings about a change in the circumstances of the commission the crime of violence. "Active employment" may include brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm. "Use" is more than mere possession of a firearm or having it available during the crime of violence.

To prove the defendant "carried" a firearm during and in relation to a crime of violence, the government must prove that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence.

"In relation to" means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to knowingly possess a firearm in furtherance of a federal crime of violence.

47

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

(1) That the defendant committed Murder in Aid of Racketeering. I instruct you that Murder in Aid of Racketeering is a federal crime of violence; and,

(2) That the defendant knowingly possessed a firearm, and that possession was in furtherance of the defendant's commission of said crime of violence; and,

(3) That the defendant aided and abetted others known and unknown in committing the said crime of violence, and knew in advance that others known and unknown would be armed.

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

Mere touching or physical contact alone is insufficient by itself to establish possession.

A person who, although not in actual possession, knowingly has both the

48

power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

To prove the defendant possessed a firearm "in furtherance" of the crime of violence, the government must prove that the defendant's possession of the firearm furthered, advanced, or helped forward that crime.

Title 18, United States Code, Section 1111(a), makes it a crime for anyone to murder another human being with premeditation.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) That the defendant unlawfully killed Sam Johnson;

(2) That the defendant killed Sam Johnson with malice aforethought; and,

(3) That the killing was premeditated.

49

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.

To find malice aforethought, you need not be convinced that the defendant acted out of spite, hatred, malevolence, or ill will toward the victim.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances before, during, and after the killing which shed light on the defendant's state of mind, before and at the time of the killing.

### B. Aiding and Abetting

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be

50

accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

51

But for you to find the defendant guilty of using and discharging a firearm during a crime of violence as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That the crime of using and discharging a firearm during a crime of violence was committed by some person;

(2) That the defendant associated with the criminal venture;

(3) That the defendant purposefully participated in the criminal venture; and,

(4) That the defendant sought by action to make the venture successful.

"To associate with a criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, Nos. 1.33, **2.44A**, **2.44B**; 2.04; *United States v. Portillo, et al.,* Crim No. 5:15-CR-00820 (WDTX May 11, 2018) (jury instructions).

## <u>SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006</u>

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.

<u>Pattern Jury Instructions (Criminal Cases)</u>, U.S. Fifth Circuit, District Judge Association, No. 1.52 (2024)

53

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

54

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.24 (2015)

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial

that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.06 (2024)

## ACCOMPLICE—INFORMER—IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Pattern Jury Instructions (Criminal Cases), U.S. Fifth Circuit, District Judge Association, No. 1.15 (2024)

58

## **UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS OR ENTERPRISE MEMBERS**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy or an enterprise be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators or members of the enterprise be known. An indictment can charge a defendant with a conspiracy or membership in an enterprise involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Pattern Jury Instructions (Criminal Cases), Sixth Circuit Committee on Pattern Criminal Jury Instructions, No. 306 (2025).

59

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | |
| § | |
| § | |
| § | |
| **SHAQUILE O'NEAL RICHARDS,** § | **NO. 4:23-CR-00105** |
| **ALEXANDRA ELIZABETH NICKS,** § | |
| *Defendants* § | |

## <u>VERDICT FORM</u>

### <u>COUNT I</u>

With respect to Count One of the Superseding Indictment, *Aiding and Abetting in the Use of a Firearm During and in Relation to a Crime of Violence Resulting in the Death of Sam Johnson,* we the jury find the defendant Shaquile O'Neal Richards:

_____Guilty        _____Not Guilty

Executed in Houston, Texas.


Dated_____    Signed_____
                                         Foreperson of the Jury


60

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **SHAQUILE O'NEAL RICHARDS,** | § | **NO. 4:23-CR-00105** |
| **ALEXANDRA ELIZABETH NICKS,** | § | |
| *Defendants* | § | |

## <u>VERDICT FORM</u>

### <u>COUNT I</u>

With respect to Count One of the Superseding Indictment, *Aiding and Abetting in the Use of a Firearm During and in Relation to a Crime of Violence Resulting in the Death of Sam Johnson,* we the jury find the defendant Alexandra Elizabeth Nicks:

_____Guilty        _____Not Guilty

Executed in Houston, Texas.


Dated_____ Signed_____
                                      Foreperson of the Jury

61