# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

**v.**          **No. 4:23-cr-103**

**SHAQUILE O'NEAL RICHARDS**
**ALEXANDRA NICKS**
  **Defendants.**

## OPPOSED AND JOINT MOTION FOR CONTINUANCE

COMES NOW Judith Shields, counsel for Alexandra Nicks, and respectfully moves this Court to continue the deadlines established in the Court's Scheduling Order (Doc. 449) for at least 60 days. In support of this motion, counsel respectfully shows the Court as follows:

1. On April 6, 2026, counsel for the Government informed defense counsel that a 1TB hard drive was needed for a new cellphone extraction due to the size of the of the file.

2. A hard drive was mailed to the US Attorney's office on April 8, 2026.

3. In a phone call with the Government on April 14, 2026, defense counsel learned that after several years the password had been figured out for Ms. Nicks's cellphone and the phone now had been recently downloaded. Counsel's drive had been received and the data would be uploaded to it. Ms. Blackburn and I agreed that since they already received my hard drive, that I would make a copy of the drive for Ms. Blackburn in an effort to expedite the information. In that same phone call I requested the raw data for the download as well as any reports.

4. Subsequently I received a flash drive and my hard drive on April 22, 2026. Upon inspection the requested 1TB hard drive was empty and the flash drive contained only the Cellebrite report for an iPhone and SIM card. That same day, I emailed the Government requesting a copy of the raw data from the download and a copy of the search warrant for the devices.

5. On April 23, 2026, I emailed the Government requesting information regarding one of the two files on the flash drive, referred to herein as the SIM card, and any reports generated regarding the analysis of the cellphone and SIM card.

6. On April 24, 2026, the Government responded that they had requested the raw data from the agent and clarification as to the SIM. The Government also notified me that the flash drive I received was their copy of the extraction on a USB and requested that I return their flash drive.

7. On April 24, 2026, I acknowledged that I did have the thumb drive as well as my 1TB drive, and my 1TB drive was empty so I would need copy their drive onto mine prior to mailing.

8. On April 30, 2026, I informed the Government that I was having issues with getting the drive to copy for myself and Ms. Blackburn. I was able to finish the copying of the drive and put it in the mail to the Government on April 30, 2026.

9. On June 1, 2026, counsel again emailed the Government regarding the requested raw data and whether the Government had received an answer regarding the SIM card. On June 3, 2026, the Government emailed that the raw data would be made available by link by the end of the day.

10. I emailed the Government on June 4, 2026, advising that no link had been received. On June 5, 2026, the Government advised that a drive containing the raw data would be sent to counsel's office.

11. On June 8, 2026, the flash drive with the raw data was delivered to my office.

12. On June 11, 2026, I again requested a copy of the search warrant and information regarding the origin of the SIM card. I also ordered a new flash drive to copy the raw data for an expert; that drive was delivered on June 10, 2026.

13. Counsel copied the raw data on June 11, 2026, and placed it in the United States mail on June 12, 2026.

14. Counsel prepared a budget request that included funding for an expert in forensic electronic devices upon the notification that Nicks cellphone was now downloaded. Budget counsel approved the request on April 30, 2026, and counsel submitted it to the Court for approval ex parte.

15. Counsel received notification of circuit approval of the budget on June 9, 2026. There is insufficient time for the expert to receive and process the electronic information before the July 6, 2026 trial date.

The current retrial following a hung jury is set to begin on July 6, 2026. A continuance is necessary to allow defense counsel and the expert adequate time to review and analyze the raw cellphone data and related SIM card information before trial.

WHEREFORE, Alexandra Nicks respectfully requests that this Court continue the deadlines established in the Court's Scheduling Order (Doc. 449) for at least 60 days and grant such other and further relief to which she may be justly entitled.

Respectfully submitted,

/s/ Judith Shields

Judith Shields
SDTX No, 424027
SBOT 00793271
Attorney for Alexandra Nicks
10655 Six Pines, Suite 230
The Woodlands, Texas 77380
Phone: 936-703-5002
Fax: 877-900-2822
JudithShieldsAttorney@gmail.com

## **CERTIFICATE OF CONFERENCE**

On June 12, 2026, I communicated via email with Assistant United States Attorney Kelly Zenon regarding the contents of this motion. She does oppose the granting of the motion.

/s/ Judith Shields
Judith Shields

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing motion was delivered to all counsel of record on June 12, 2026, via ECF.

/s/ Judith Shields
Judith Shields