United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:23-CR-105 |
| | § | |
| SHAQUILE O'NEAL RICHARDS and | § | |
| ALEXANDRA ELIZABETH NICKS, | § | |
| | § | |
| Defendants. | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then, I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

### A.    Duty to Follow Instructions

You, as jurors, are the judges of the facts. But, in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1

### B.     Presumption of Innocence, Burden of Proof, Reasonable Doubt

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### C.     Evidence

### a.     Excluding What is not Evidence

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### b.    Inferences—Direct and Circumstantial

In considering the evidence you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common-sense lead you to draw from the facts established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find her guilty.

### D.    Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony

3

differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### E.    Impeachment by Prior Conviction—Witness Other Than Defendant

You have been told that the witness, Mertroy Harris, was convicted in Texas in 2011 for two cases of Robbery; in Texas for evading arrest, in Texas for unlawful carrying of a weapon, in Texas for possession of a controlled substance, and in Texas in 2016 for possession of marijuana. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

You have been told that the witness, Marquis Erskin, was convicted in 2012 in Texas for Burglary of a Habitation; in 2017 in Texas for Attempted Possession of a Firearm by a Felon, in 2018 in the Southern District of Texas for a federal Felon in Possession Charge, in 2021 in the Southern District of Texas for a federal Escape from Custody charge, in 2022 in Texas for State Murder, and in 2025 the Southern District of Texas for a federal Use of a Firearm During and in Relation to Murder in Aid of Racketeering. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

### F.    Prior Inconsistent Statements

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove

4

that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

### G.    Caution—Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

As you will be instructed below, the Government has alleged that the criminal enterprise was engaged in specific crimes, including drug trafficking, robbery, and shootings. These alleged crimes should not be attributed to the defendants unless the evidence supports it, and should otherwise only be considered with respect to the alleged enterprise.

### H.    Accomplice—Co-Defendant—Plea Agreement

In this case the Government called Mertroy Harris as an alleged accomplice of the Defendants, with whom the Government has entered into plea agreements. These agreements provide for an opportunity to earn a lower sentence by cooperating with the government. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the Government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a Defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

### I.    Expert Opinion Testimony

During the trial you heard the testimony of Ryan Hookano, who expressed opinions concerning firearms examination; Dr. Garrett Phillips, who expressed opinions concerning the forensic autopsy; and Detective Kevin Bowen, who expressed opinions concerning gangs. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## J.   Dual-Role Expert Testimony

You have heard testimony from Detective Kevin Bowen as an expert witness and as a fact witness.

With respect to his expert testimony, you are instructed he expressed opinions concerning criminal street gangs. If scientific, technical, or other specialized knowledge assists you in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

With respect to Detective Kevin Bowen's testimony as a fact witness, you are instructed, that you are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You will decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. You are instructed that you are to give no additional weight to Detective Kevin Bowen's fact witness testimony because he also provided testimony as an expert witness.

## K.   On or About

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near October 16, 2017, the date stated in the indictment.

## L.  Unindicted, Unnamed, or Separately Tried Co-Conspirators or Enterprise Members

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy or an enterprise be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators or members of the enterprise be known. An indictment can charge a defendant with a conspiracy or membership in an enterprise involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## M. Caution—Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## N.  Caution—Punishment

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## O.  Multiple Defendants—Single Count

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

## P.  Transcript of Recorded Conversation

Exhibits 2A, 3A, 5A, 6A, 7A, 8A, 9A, 10A, 11A, 12A, 13A, 14A, 15A, 16A, and 53A have been identified as typewritten transcripts of the oral conversations which can be heard on the recordings received in evidence as Exhibits 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 53. The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent. It is what you hear on the recordings that is evidence, not the transcripts.

### Q.    "Knowingly"—To Act, *Defined*

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### R.    "Interstate Commerce"—Defined

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

### S.    "Foreign Commerce"—Define

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

### T.    "Commerce"—Defined

Commerce includes travel, trade, transportation, and communications.

### U.    "Affecting Commerce"—Defined

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

The sale of illegal drugs is unquestionably an economic activity. The market for illegal drugs is "commerce over which the United States has jurisdiction."

The production, possession, and distribution of controlled substances constitute a "class of activities" that substantially "affect interstate commerce," and therefore, Congress possesses the authority to regulate and to criminalize it.

Cellular phones and the Internet, are all means or facilities of interstate commerce, therefore, their use affects interstate commerce.

### V.    "Firearm" and "Ammunition"—Defined

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or any destructive device.

The term "ammunition" means completed rounds or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

### W.    Count One: Murder in Aid of Racketeering

Murder in Aid of Racketeering is the underlying crime of violence charged in connection with count one of the superseding indictment. Murder in Aid of Racketeering is a federal crime of violence.

To find the Defendants guilty, the following elements must be proven beyond a reasonable doubt:

First:         That an enterprise existed as alleged in the indictment;

Second:      That the enterprise was engaged in interstate or foreign commerce or that its activities affected interstate or foreign commerce in some minimal way;

Third:        That the enterprise was engaged in racketeering activity;

Fourth:      That the defendant committed, or aided and abetted in the

9

commission of the charged murder; and

Fifth:    That the defendant's purpose in committing the crime of violence was to maintain, or to increase his or her status in the enterprise.

### 1) *Murder*

The government must prove beyond a reasonable doubt that the defendants committed murder as defined in the Texas Penal Code as follows:

A person commits the offense of murder under the Texas Penal Code if he intentionally or knowingly causes the death of an individual; or, if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Under Texas law, a person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

In order for a person to be found guilty of murder, the government must prove beyond a reasonable doubt:

(1)    That the defendant, individually or as a party, did intentionally and knowingly cause the death of an individual; or

(2)    That the defendant, individually or as a party, did intentionally and knowingly cause serious bodily injury and commit an act clearly dangerous to human life that causes the death of an individual.

Under the Texas Penal Code, a person is criminally responsible as a party to an offense if the offense is committed by his or her own conduct, or by the conduct of another for which he or she is criminally responsible, or by both. Moreover, Under Texas law, a person can be considered responsible for the conduct of another if, acting with intent to

10

promote or assist the commission of the offense, he or she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

It is not necessary for the government to prove that maintaining or increasing status in the enterprise was a defendant's sole purpose in committing the charged crime. You need only find that it was a substantial purpose, or that the defendant committed the charged crime as an integral aspect of membership in the enterprise. In determining the defendant's purpose in committing the alleged crime, you must determine what he or she had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.

I will now define some of the terms used.

### 2) *Aiding and Abetting* (Agency)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself [herself] may also be accomplished by him [her] through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

11

For you to find the defendant guilty as an aider or abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:    That the offense of Murder in Aid of Racketeering was committed by some person;

Second:    That the defendant associated with the criminal venture;

Third:    That the defendant purposefully participated in the criminal venture; and,

Fourth:    That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his [her] aid may relate to only one of the crime's phases or elements.

### 3) *Enterprise*

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce. Here, the government alleges that the enterprise is the criminal street gang known as 100% Third Ward, or 103.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

### 4) *Effect on Commerce*

The enterprise is "engaged in interstate or foreign commerce" if it is directly engaged in the production, distribution, or acquisition of goods or services in such

commerce. The enterprise's conduct "affected" interstate or foreign commerce if the conduct had a demonstrated connection or link with such commerce.

It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

### 5) *Racketeering Activity*

Title 18, United States Code, § 1959(a)(1) requires the government to prove beyond a reasonable doubt that the enterprise "engaged in racketeering activity."

This element is satisfied by showing that some member or associate of the enterprise and can be someone other than the defendant himself or herself, committed at least one act of racketeering activity on behalf of or in connection with the enterprise.

The government does not need to prove that any defendant agreed personally to commit specific acts of racketeering.    It is for you to decide if some member of the enterprise engaged in at least one act of racketeering as alleged in the indictment.

"Racketeering activity" means the commission of certain crimes. In this case, the government alleged that the enterprise engaged in the racketeering activity of acts involving robbery and acts involving murder in violation of state law, and drug trafficking in violation of federal laws.

Now, I will provide you with the elements of each racketeering activity alleged in the indictment:

### a. *Murder*

A person commits the offense of murder under the Texas Penal Code if he intentionally or knowingly causes the death of an individual; or, if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

Under Texas law, a person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

13

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Under the Texas Penal Code, a person is criminally responsible as a party to an offense if the offense is committed by his or her own conduct, or by the conduct of another for which he or she is criminally responsible, or by both. Moreover, Under Texas law, a person can be considered responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he or she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

It is not necessary for purposes of proving that the enterprise engaged in racketeering, that any trial defendant personally committed the racketeering act. Instead, it is sufficient if you find that the enterprise engaged in a prior racketeering act.

### b. *Robbery*

Acts involving robbery include attempted robbery and conspiracy to rob, as well as completed robbery. A person commits the offense of robbery under the Texas Penal Code if he commits an offense if, in the course of committing theft, and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Theft is the appropriation of property without the owner's consent and with intent to deprive the owner of that property.

Texas Law defines "bodily injury" as "physical pain, illness, or any impairment of physical condition."

Under the Texas Penal Code, a person is criminally responsible as a party to an offense if the offense is committed by his or her own conduct, or by the conduct of another for which he or she is criminally responsible, or by both. Moreover, under Texas Law, a person can be considered responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he or she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Under Texas Law a person can be penalized under the modality of criminal attempt, if the person commits an offense with specific intent, and commits an act amounting to more than mere preparation but fails to achieve the commission of the offense he/she intended.

Also, under Texas Law a person can be penalized under the modality of criminal conspiracy, if a person, with the intent that a felony be committed, agrees with one or more persons that they or one or more of them engage in conduct that would constitute the felony offense. I instruct you that robbery under Texas Law is a felony offense.

It is not necessary for purposes of proving that the enterprise engaged in racketeering, that any trial defendant personally committed the racketeering act. Instead, it is sufficient if you find that the enterprise engaged in a prior racketeering act.

### c. *Drug Trafficking*

Title 21, United States Code, Sections 841(a)(1) and 846 make it a crime for anyone knowingly or intentionally to possess a controlled substance with intent to distribute it, or to conspire to do so. I instruct you that cocaine, liquid cocaine, "crack" cocaine, marijuana, fentanyl, methamphetamine, and codeine syrup are controlled substances within the meaning of this law.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

For purposes of this racketeering activity, to conspire means that a person willfully joined an agreement, directly or indirectly, between two or more persons, knowing of the unlawful purpose of the agreement.

It is not necessary for purposes of proving that the enterprise engaged in racketeering, that any trial defendant personally committed the racketeering act. Instead, it is sufficient if you find that the enterprise engaged in a prior racketeering act.

### X.    Count Two: Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death—18 U.S.C. § 924(j)

Defendants Shaquille O'Neal Richards and Alexandra Elizabeth Nicks are each charged with the offense of causing death through the use of a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(j). The crime of violence alleged is Murder in Aid of Racketeering, as charged in count one of the superseding indictment.

To prove this crime, the government would have to prove that:

15

First:    The defendant or someone he or she aided and abetted used a firearm;

Second: The firearm was used during and in relation to a crime of violence; that is, the murder in aid of racketeering as charged in count one of the superseding indictment.

To prove that a firearm was "used" during and in relation to a federal crime of violence, the government must prove that the firearm was actively employed in the commission of the Murder in Aid of Racketeering, such as a use that is intended to or brings about a change in the circumstances. "Active employment" may include brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm. "Use" is more than mere possession of a firearm or having it available during the crime of violence. "In relation to" means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

Title 18, United States Code, Section 1111(a), makes it a crime for anyone to murder another human being with premeditation.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          That the defendant or someone he or she aided or abetted intentionally or knowingly killed Sam Johnson;

Second:        That the killing of Sam Johnson was committed with malice aforethought;

                and,

Third:         That the killing was premeditated.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.

To find malice aforethought, you need not be convinced that the defendant acted out of spite, hatred, malevolence, or ill will toward the victim.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

16

You should consider all the facts and circumstances before, during, and after the killing which shed light on the defendant's state of mind, before and at the time of the killing.

I will instruct you on each part of the offense that you must consider. If you find that the government has not proven any single part, you must find the defendant not guilty.

### 1) *Aiding and Abetting* (Agency)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself [herself] may also be accomplished by him [her] through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty as an aider or abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:     That the offense of Murder in Aid of Racketeering was committed by some person;

17

Second:      That the defendant associated with the criminal venture;

Third:       That the defendant purposefully participated in the criminal venture; and,

Fourth:      That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his [her] aid may relate to only one of the crime's phases or elements.

If you find that the Defendant committed, or aided and abetted the commission of Murder in Aid of Racketeering, you must then consider whether the Defendant committed, or aided and abetted another, to use a firearm during and in relation to that murder to cause the death.

To prove that the Defendants used a firearm during a crime of violence to cause death, the government must prove beyond a reasonable doubt that:

First:       That the defendants, or someone he or she aided and abetted, committed the Murder in Aid of Racketeering of Sam Johnson. I instruct you that Murder in Aid of Racketeering is a federal crime of violence; and,

Second:      That the defendant aided and abetted Deandre Watson, Marcus Dewane Christopher, Marquis Juwan Erskin and/or Mertroy Harris in committing the crime of violence and knew in advance that at least one of them would be armed with a firearm.

## Y.    Duty to Deliberate—Verdict Form

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

18

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SIGNED** at Houston, Texas on July 31, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE